# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

VERTRUE INCORPORATED,      :
     Plaintiff,          :
                      :
      -vs-            :     Civil No.  3:05cv1809 (PCD)
                      :
ALEXANDER B. MESHKIN,     :
     Defendant.          :

## RULING ON DEFENDANT'S EMERGENCY MOTION TO COMPEL

Defendant moves, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, for an order compelling Plaintiff to respond to Defendant's interrogatories and requests for production and produce all responsive documents and for an extension of time to file his dispositive motion. Defendant also requests that the Court award him the attorneys' fees and costs associated with presenting this motion.  Plaintiff objects to Defendant's motion.  For the reasons set forth herein, Defendant's Emergency Motion to Compel [Doc. No. 107] will be **granted in part** and **denied in part** and Defendant's Motion for an Extension of the Dispositive Motion Deadline [Doc. No. 109] will be **granted**.

## I.     BACKGROUND

The instant action is the third of five separate proceedings.[1]  According to Plaintiff, it is also the third action in which Plaintiff currently seeks to compel Defendant to produce

---

[1]     A lawsuit filed in the Chancery Court in and for New Castle County, Delaware (the "Delaware Lawsuit") was the first action.  Subsequently, on August 4, 2005, Nutzz.com initiated an arbitration proceeding pursuant to Section 13 of the Agreement between Memberworks Incorporated (Vertrue's predecessor company) and Nutzz.com.  The instant action was initiated in this Court on November 28, 2005, with the filing of a Notice of Removal pursuant to 28 U.S.C. § 1441(b).  The fourth action is a Bill of Discovery brought pursuant to *Practice Book* § 13-9 (Docket No. FST-CV-05-400688-S).  The fifth and final action, filed in Delaware Chancery Court, is a petition to appoint a receiver to oversee Nutzz.com and Bang Racing, Vertrue Inc. v. Nutzz.com, LLC and Bang Racing, LLC, C.A. No. 1719-N.

responsive documents.  The facts relevant to this action were discussed at length in this Court's

Ruling on Defendant's Motion to Dismiss, see Vertrue Inc. v. Meshkin, No. 3:05cv1809 (PCD),

2006 U.S. Dist. LEXIS 24844, at *1-13 (D. Conn. Apr. 27, 2006), and accordingly, only those

facts relevant to these motions will be discussed here.

Plaintiff was served with Defendant's First Set of Interrogatories (attached to Defendant's

Motion as Exhibit A), First Set of Requests for Admission, and Second Set of Requests for

Production (Exhibit B) on May 31, 2006. (Def.'s Mem. Supp. Emer. Mot. Compel 3 ("Mem.

Supp.").)  A response to these requests was due on the last day of discovery in this case, i.e., June

30, 2006.  Plaintiff responded via electronic mail and regular mail on or about June 30, 2006.

(Id.; see also Exs. A, B, and C to Pl.'s Opp'n to Def.'s Emer. Mot. Compel ("Opp'n").)  Plaintiff

mailed Defendant its supplemental responses on or about July 6, 2006. (Mem. Supp. 3; see also

Ex. D to Opp'n.)  Defendant filed the instant motion on July 11, 2006, and on July 18, 2006,

Plaintiff provided a second supplementation in response to Defendant's Interrogatories. (Opp'n

4; see also Ex. E to Opp'n.)

## II.    STANDARD OF REVIEW

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue

that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964

F.2d 106, 114 (2d Cir.1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98

S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). "Parties may obtain discovery regarding any matter,

not privileged, that is relevant to the claim or defense of any party . . . . Relevant information

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

When a party is resisting discovery, Federal Rule of Civil Procedure 37(a) provides that the requesting party, "upon reasonable notice to other parties and all persons affected thereby" may move to compel compliance.  An order to compel may issue after the court considers the parties' arguments and may be tailored to the circumstances of the case.  Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

## III.   DISCUSSION

According to Defendant, neither Plaintiff's original nor supplemental responses to the First Set of Interrogatories contained any "substantive responses;" he claims that Plaintiff asserted only "boilerplate objections." (Id. at 3, 5.)  Moreover, Defendant contends that Plaintiff "has refused to produce or otherwise identify a single document in response to [Defendant's] Requests for Production." (Id. at 3.)  Defendant seeks expedited treatment of this motion in light of the impending July 31, 2006 dispositive motion deadline.  Defendant, in his Motion to Compel, did not indicate for which document requests and/or interrogatories he is seeking compliance, but merely made a blanket request for production.  Defendant clarified his request in his Reply, limiting the motion to certain, specified documents requests and interrogatories.

Plaintiff asserts that contrary to Defendant's representations, it "has produced, or will be producing in a matter of days, all responsive, non-privileged documents, subject to objections, in response to Defendant's requests for production of documents." (Opp'n 7.)  Specifically, Plaintiff

claims that it produced, on May 12, 2006 in the related arbitration, all documents in its

possession responsive to Defendant's Requests for Production, Numbers 3-14, 16-21, 25-32, 36,

and 37. (Id.)  Plaintiff also claims to have provided, on the date due, the information sought by

Defendant's First Requests for Production, Numbers 1 and 2.  (Id.)  As for the remaining

production requests, Plaintiff asserts that it "has either objected to the request or is preparing to

produce documents or to allow [Defendant] to inspect the documents or things requested as they

are kept in the ordinary course of business." (Id.)  Plaintiff contends that Defendant's contention

that it has refused to "produce a single document in this action" is inaccurate, as Plaintiff has

agreed, subject to certain objections, to produce documents in response to "nearly all" of

Defendant's Requests for Production. (Id. at 7-8 (citing Plaintiff's Resp. to Def.'s Second

Request for Prod Nos. 3-46, Ex. A to Opp'n).)  Consistent with "standard discovery practice,"

however, Plaintiff asserts that it has submitted its written discovery response first and is

following up that response with the production of the documents which it has agreed to produce.

(Id. at 8.)

> **A.     Plaintiff's Objections to Defendant's Second Set of Requests for Production**

Defendant asks this Court to enter an Order compelling Plaintiff to respond to Document

Request Numbers 3, 11-21, 23, 25-26, 28-32, 36-37, and 38-39. (See Def.'s Reply ("Reply") 12.)

Defendant contends that Plaintiff has not produced "a single document in response to Meshkin's

Requests for Production," (Mem. Supp. 3), however, Plaintiff claims that it produced, in the

related arbitration, all documents in its possession that are responsive to Defendant's Request

Numbers 3 through 14, 16 through 21, 25 through 32, 36, and 37. (Opp'n 7.)  Defendant, in its

Reply, says that Plaintiff's claim is not accurate, as it "took special care to draft Document

4

Requests that were different from those asserted by [Nutzz.com] in the arbitration." (Reply 6.)

Defendant says that he will withdraw his request to compel Plaintiff to produce documents in response to Request Numbers 4 through 10, which seek documents in support of Plaintiff's fraud allegations in paragraph 26 of the Complaint, *if* Plaintiff is limited to only those documents produced in the arbitration to serve as the basis for its fraud claims. (See id. at 7.)  As set forth below, Plaintiff will be afforded an opportunity to produce documents responsive to those requests, however, Plaintiff will be limited to the documents produced in the arbitration or in this action as proof for its fraud claims.

### 1.      Defendant's Request for Production No. 3

Defendant's Request Number 3 seeks the following:

> All documents that substantiate the resources expended by you in support of your efforts under the Agreement.

(Def.'s Second Request No. 3, Ex. B to Mem. Supp.)  Plaintiff responded by saying that:

> Subject to and without waiving its General Objections set forth above and incorporated herein, Vertrue responds that to the extent non-privileged documents responsive to this request are in its possession, custody or control, and have been located in response to a reasonable search, they have been, or will be, made available for review, inspection and copying.

(Pl.'s Resps. to Def.'s Second Request No. 3, Ex. A to Opp'n.)  Defendant claims that both in this action and in the arbitration, Plaintiff has failed to produce any documentation addressing its marketing efforts for the Nutzz Elite Program. (Reply 7; see also Arbitration Demand Letter, Ex. 6 to Reply).)  Due to the dispute in the arbitration, Defendant contends that Plaintiff cannot claim in this action that its production is adequate. (Id.)  Plaintiff says only that it has produced all responsive documents in its possession in the arbitration and that to the extent that other

documents, not previously produced, are responsive, Plaintiff "is preparing to produce [them] or to allow [Defendant] to inspect the documents or things requested as they are kept in the ordinary course of business." (Opp'n 7.)  This Court accepts Plaintiff's representations as true.  Plaintiff will be ordered to produce all documents responsive to this request and not previously produced as set forth below.

### 2. Defendant's Request for Production Nos. 11-13

Defendant's Request Numbers 11 through 13 seek the following:

Request No. 11: All documents that tend to substantiate or may tend to invalidate your allegations that Meshkin has assumed and exercised the rights of ownership and control over the $1.25 million advance paid under the Agreement.

Request No. 12: All document [sic] that tend to substantiate or may tend to invalidate your claim for relief under Conn. Gen. Stat. § 52-564.

Request No. 13: All document [sic] that tend to substantiate or may tend to invalidate your claim Meshkin personally dominated and/or controlled the operations of Nutzz.com, LLC or Bang Racing, LLC.

(Def.'s Second Request Nos. 11-13, Ex. B.) Plaintiff submitted the same response to each of these three requests as it did to Request Number 3, above, essentially saying that responsive, non-privileged documents "have been, or will be, made available for review, inspection and copying." (Pl.'s Resps. to Def.'s Second Request Nos. 11-13, Ex. A.)  Defendant asserts that these documents were not sought in the arbitration. (See Reply 8.)  Again, Plaintiff's representations are accepted as true and Plaintiff will be ordered to produce all documents responsive to this request as set forth below.

### 3. Defendant's Request for Production No. 14

Defendant's Request Number 14 seeks the following:

6

> All document [sic] that tend to demonstrate the [sic] Meshkin is a stockholder or otherwise an equity holder of Nutzz.com, LLC or Bang Racing, LLC.

(Def.'s Second Request No. 14, Ex. B.)  Plaintiff objects to this request on the ground that it is "vague and ambiguous." (Pl.'s Resps. to Def.'s Second Request No. 14, Ex. A.)  Defendant asserts that these documents were not sought in the arbitration. (See Reply 8.)  The Court finds that this request is not "vague or ambiguous."  As such, Plaintiff will be ordered to produce all documents responsive to this request.

### 4.     Defendant's Request for Production Nos. 15-21

Defendant's Request Numbers 15 and 17 through 18 seek the following:

Request No. 15: All communications between you and Derrike Cope.

Request No. 16: All communications between you and Cameron Tousi.

Request No. 17: All communications between you and John Walters.

Request No. 18: All communications between you and John Adalio.

Request No. 19: All communications between you and Joint Marketing Group, LLC.

Request No. 20: All communications between you and Joint Marketing Media Group, LLC.

Request No. 21: All letters of intent, offers, agreements, proposed agreements, or other documents relating to a proposed or consummated relationship between you and any or all of: Derrike Cope, Cameron Tousi, John Walters, John Adalio, Joint Marketing Group, LLC or Joint Marketing Media Group, LLC.

(Def.'s Second Request Nos. 15-21, Ex. B.)  Plaintiff submitted the same response to each of these three requests as it did to Request Number 3, above, essentially saying that responsive, non-privileged documents "have been, or will be, made available for review, inspection and copying." (Pl.'s Resps. to Def.'s Second Request Nos. 15-21, Ex. A.)  Defendant asserts that these

7

documents were not sought in the arbitration. (See Reply 8.)  Again, Plaintiff's representations are accepted as true and Plaintiff will be ordered to produce all documents responsive to these requests.

### 5.      Defendant's Request for Production Nos. 22 and 23

Defendant's Request Numbers 22 and 23 seek the following:

Request No. 22: All communications between you and any software development company, operation, or individual you worked with in India (not including Nutzz.com, LLC).

Request No. 23: All communications between you and Action Performance Companies/Motorsports Authentics LLC concerning the production of NEXTEL® hats and/or all other promotional merchandise or products.

(Def.'s Second Request Nos. 22, 23, Ex. B.)  Plaintiff objects to Request Number 22 on the grounds that it (1) "seeks documents that are not relevant nor reasonably calculated to lead to the discoverability of admissible evidence," and (2) "is overly broad and unreasonably burdensome." (Pl.'s Resps. to Def.'s Second Request No. 22, Ex. A.)  Defendant did not address Document Request Number 22 or Plaintiff's objections thereto in its Reply, and the Court therefore considers this request to be withdrawn.  Plaintiff's objections are sustained.

Defendant contends that Plaintiff's objection that Request Number 23 seeks documents that are not relevant should be overruled based on this Court's June 8, 2006 Ruling, which denied Plaintiff's Motions for Protective Orders and held that information related to the Fast Track Savings Program is relevant and that Defendant may question Plaintiff's employees with regard to that program. (See Reply 10; Ruling Pl.'s Mot. Prot. Order 8, Doc. No. 84.)  Request Number 23 purportedly addresses Plaintiff's work with Action Performance Company to replace the Nutzz hat, can coolie, and decal with a generic NEXTEL® cup hat, coolie, and decal in

8

December 2004, two months prior to the termination of the Agreement with Nutzz.com. (See

Reply 10.)  According to Defendant, this information is relevant to Plaintiff's efforts to formulate

and implement its Fast Track Savings Program. (See id.)  This Court finds that documents

responsive to this request may be relevant or could lead to the discovery of admissible evidence.

Defendant's Request Number 23 will be limited, however, such that Plaintiff will be ordered to

produce all communications between Plaintiff and Action Performance Companies/Motorsports

Authentics LLC, *which occurred prior to the date of Plaintiff's termination of the Agreement*

*with Nutzz.com*, concerning the production of NEXTEL® hats and/or other promotional

merchandise or products *for Plaintiff's Fast Track Savings Program*.  Any communications

occurring subsequent to the termination of Plaintiff's Agreement with Nutzz.com or not relating

to Plaintiff's Fast Track Savings Program are irrelevant to this action.

### 6.      Defendant's Request for Production Nos. 25-26, 28[2]

Defendant's Request Numbers 25 through 26 and 28 seek the following:

Request No. 25: All documents that refer, relate or embody all actions and procedures
for inventory administration of promotional merchandise or premiums for the Nutzz
Elite Program.

Request No. 26: All documents that refer, relate or embody all actions and
procedures for inventory administration of promotional merchandise or premiums for
the Fast Track Savings Program.

Request No. 28: All documents that refer, relate or embody all promotional
merchandise or premiums for the Fast Track Savings Program.

(Def.'s Second Request Nos. 25-26, 28, Ex. B.)  Plaintiff objects to Request Numbers 25 and 26

on the ground that they (1) "seek[] documents that are not relevant nor reasonably calculated to

---

[2]      Defendant withdrew his motion with respect to Document Request Number 27, (see Reply 7), and
accordingly, the Court will not address that request here.

lead to the discoverability of admissible evidence," and objects to Request Number 25, 26, and 28 on the ground that they (2) "[are] overly broad and unreasonably burdensome," however, Plaintiff says that "[s]ubject to and without waiving its General and Specific Objections," all responsive, non-privileged documents "have been, or will be, made available for review, inspection and copying." (Pl.'s Resps. to Def.'s Second Request Nos. 25-26, 28, Ex. A.) Defendant says that Request Number 25 was not asserted in the arbitration. (See Reply 9.) Moreover, Defendant contends that Request Numbers 26 and 28 seek documents that Plaintiff refused to produce in the arbitration. (See id. (citing Ex. 6 at Request Nos. 12, 13, 35, 39, and 45).) Plaintiff's relevancy and burden objections to these requests are overruled, however, Defendant's Request Numbers 26 and 28 are limited to dates prior to the termination of Plaintiff's Agreement with Nutzz.com.

### 7.     Defendant's Request for Production Nos. 29-32

Defendant's Request Numbers 29 through 32 seek the following:

Request No. 29: All documents that refer, relate or embody Self Mailer Production and distribution to Nutzz Elite Program members.

Request No. 30: All documents that refer, relate or embody the self mailer production and distribution for Fast Track Savings Members.

Request No. 31: All documents that refer, relate or embody all design layouts of promotional merchandise or premiums for the Nutzz Elite Program.

Request No. 32: All documents that refer, relate or embody all design layouts of promotional merchandise or premiums for the Fast Track Savings Program.

(Def.'s Second Request Nos. 29-32, Ex. B.) Plaintiff objects to these four requests on the ground that they (2) "[are] overly broad and unreasonably burdensome," however, Plaintiff says that "[s]ubject to and without waiving its General and Specific Objections," all responsive, non-

10

privileged documents "have been, or will be, made available for review, inspection and copying."

(Pl.'s Resps. to Def.'s Second Request Nos. 29-32, Ex. A.) Defendant asserts that these

documents were not sought in the arbitration. (See Reply 8.)  Plaintiff has not demonstrated these

requests to be overly broad nor unreasonably burdensome, and as such, its objections in this

regard are overruled.

### 8.    Defendant's Request for Production Nos. 36-37

Defendant's Request Numbers 29 through 32 seek the following:


Request No. 36: All documents that evidence or relate to any and all in person meetings you had with Meshkin or any employee working with or on behalf of Nutzz.com, LLC or Bang Racing, LLC.


Request No. 37: All documents that evidence or memorialize any of the representations of Defendant upon which you base your Complaint.

(Def.'s Second Request Nos. 36-37, Ex. B.)  Plaintiff objects to Request Number 36 on the

grounds that it (1) "seeks documents that are not relevant nor reasonably calculated to lead to the

discoverability of admissible evidence," and (2) "is overly broad and unreasonably burdensome."

(Pl.'s Resps. to Def.'s Second Request No. 36, Ex. A.)  Plaintiff objects to Request Number 37

on the ground that it is "vague and overly broad." (Pl.'s Resps. to Def.'s Second Request No. 37,

Ex. A.)  Defendant asserts that these documents were not sought in the arbitration and claims that

he believes that "there may be additional responsive documents demonstrating that [Plaintiff]

relied on only those representations and warranties contained in the parties' contract and not the

personal discussions between the two companies' employees." (See Reply 8.)

The Court finds that the requests seek documents that are relevant or reasonably

calculated to lead to the discovery of admissible evidence, are not overly broad or unreasonably

burdensome, and are not, when viewed in combination with Defendant's explanation in his

Reply, vague.  As such, Plaintiff will be ordered to produce documents in response to these

requests.

        **9.**       **Defendant's Request for Production Nos. 38-39**

Defendant's Request Numbers 38 and 39 seek the following:

      Request No. 38: The Agreement between you and America Online, Inc. dated as of
December 2002.

      Request No. 39: All communications between you and America Online, Inc.
concerning the negotiations leading to the December 2002 Agreement.

(Def.'s Second Request Nos. 38-39, Ex. B.)  Plaintiff objects to these two requests on they

ground that they "seek[] documents that are neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence." (Pl.'s Resps. to Def.'s Second Request Nos. 38-39, Ex.

A.)

Defendant contends that Plaintiff's relationship with America Online, Inc. ("AOL") is

relevant to this litigation, as Defendant has learned that Plaintiff purchased the right to market

certain products to AOL members.  According to Defendant, Plaintiff "asserted in the parties'

litigation that it bought and paid for the right to market the Fast Track Savings program to the

Nutzz Elite members." (Reply 10-11.)  Defendant disagrees with Plaintiff's contention and seeks

to disprove Plaintiff's position by comparing the operative language in the two contracts. (Id.)

Defendant argues that any concerns regarding potentially sensitive or proprietary information in

the contracts may be alleviated by the entry of an appropriate confidentiality order. (Id.)

This Court finds that Defendant's Request Numbers 38 and 39 may give rise to

admissible evidence, and as such, Plaintiff's relevancy objections are overruled.  To ensure that

neither Plaintiff nor AOL is harmed by any disclosure, the Court hereby instructs that:

(a) Any information provided by Vertrue to Meshkin that is marked "Confidential" may only be used by Meshkin in connection with the ongoing litigation against Vertrue in the Federal District Court for the District of Connecticut;

(b) any information produced by Vertrue and marked "Confidential" shall not be presented at trial without the information being filed under seal and related transcripts sealed, and adequate notice provided to Vertrue; and

(c) access to all information marked "Confidential" shall be limited to only the parties and counsel for Vertrue and Meshkin.

### 10.     Defendant's Request for Production No. 40

Defendant's Request Number 40 seeks the following:

Any and all written statements obtained by you or anyone acting on your behalf, other than counsel, from any person or persons concerning the your [sic] work at Plaintiffs' residence.

(Def.'s Second Request No. 40, Ex. B.)  Plaintiff correctly notes that this request does not relate to the litigation at hand, and was probably included inadvertently.  Defendant did not address this Document Request or Plaintiff's objections thereto in its Reply.  As such, the Court will consider this request withdrawn.

### 11.     Defendant's Request for Production Nos. 41-45

Defendant's Request Numbers 41 through 45 seek the following:

Request No. 41: A list of all fact witnesses expected to be called at trial.

Request No. 42: Any and all written reports of expert witnesses retained by you that you intend to produce as a witness at trial in this matter.

_____ Request No. 43_: Copies of any and all documents and notes relied upon by experts you intend to call at trial.

_____ Request No. 44_: Any and all summaries of qualifications and/or Curriculum Vitae for each expert retained by defendant as well as a fee schedule.

_____ Request No. 45_: Any and all documents, records, physical and demonstrative evidence that you intend to introduce at trial.

(Def.'s Second Request Nos. 41-45, Ex. B.)

Defendant asserts that Document Request Numbers 42 through 44 are moot. (See Reply 11.) Accordingly, the Court need not address those requests here. Defendant also does not request that this Court order Plaintiff to produce documents responsive to Request Numbers 41 and 45, and accordingly, this Court will consider these requests withdrawn and will not address the requests or Plaintiff's objections thereto.

### 12.    Defendant's Request for Production No. 46

Defendant's Request Number 46 seeks the following:

Any and all documents identified and or [sic] referenced in your answers to Plaintiffs' First Set of Interrogatories.

(Def.'s Second Request No. 46, Ex. B.)  Defendant does not address Plaintiff's objections, nor ask this Court to order Plaintiff to produce documents responsive to Request Number 46, and accordingly, this Court will consider this request withdrawn.

### B.    Plaintiff's Objections to Defendant's First Set of Interrogatories

Defendant asks this Court to enter an Order compelling Plaintiff to respond to Interrogatory Numbers 2 through 9, and 14, or to limit Plaintiff's presentation of evidence at trial to the facts contained in the responses as presently fashioned. (See Reply 6, 12.)  Defendant contends that Plaintiff "should and must present [him] with the specific factual basis on which its

fraud and tort-based claims are based," without which Defendant "is unable to prepare his

defense." (Id. at 6.)

### 1.   Defendant's Interrogatory Nos. 2-9

Interrogatory Number 2 asks Plaintiff to:

_____ Identify and described [sic] all facts and information which support your allegations that
the Nutzz.com, LLC and/or Bang Racing, LLC are merely the alter ego of Meshkin.

(Def.'s Interrogatory No. 2, Ex. A to Mem. Supp.)

Interrogatory Numbers 3 through 9 ask Plaintiff to:

_____ State all facts that tend to substantiate or may tend to invalidate the allegations contained
in paragraph 26[(a)-(g)] of your Complaint.

(Def.'s Interrogatory Nos. 3-9, Ex. A.)  In addition to its general objections, Plaintiff objects to

all eight of these interrogatories on the grounds that they are: (1) "vague and ambiguous, overly

broad and unduly burdensome," (2) "seek[] information protected by the attorney-client privilege

and/or the work product doctrine," and (3) seek[] information that is equally or more readily

available to Meshkin as it is to Vertrue." (Pl.'s Objs. to Def.'s Interrogatory Nos. 2-9, Ex. B to

Opp'n.)  Plaintiff's objections to these interrogatories are overruled.  Plaintiff shall submit

responses to Defendant as set forth below.

### 2.   Defendant's Interrogatory No. 10

Interrogatory Number 10 asks Plaintiff to:

Identify and describe all efforts undertaken by you to service the Nutzz Elite Program or
Fast Track Savings Program members from January 1, 2005 to present.

(Def.'s Interrogatory No. 10, Ex. A.)  Defendant did not submit an argument in opposition to

Plaintiff's objection, nor did it ask this Court to order Plaintiff to respond to Interrogatory

Number 10.  Accordingly, this Court will not address this Interrogatory here and Plaintiff's

objections will be sustained.

### 3.      Defendant's Interrogatory No. 14

Interrogatory Number 14 asks Plaintiff to:

> State all facts that tend to substantiate or may tend to invalidate the allegations contained
> in paragraph 38 of your Complaint.

(Def.'s Interrogatory No. 14, Ex. A.)  Plaintiff submitted the same objection to this interrogatory

as it did to Interrogatory Numbers 2 through 9, above. (Pl.'s Objs. to Def.'s Interrogatory No. 14,

Ex. B to Opp'n.)  Plaintiff's objections to this interrogatory are overruled.  Plaintiff shall submit

a response to Defendant as set forth below.

### 4.      Defendant's Interrogatory Nos. 21-23

Interrogatory Numbers 21 through 23 ask Plaintiff to:

> Interrogatory No. 21: Identify by name and address each fact witness you intend to
> call at the time of trial and for each witness state the substance of his or her expected
> testimony.

> Interrogatory No. 22: Identify each document or exhibit you intend to use or
> introduce into evidence at trial.

> Interrogatory No. 23: Identify each person whom you expect to call as an expert at
> trial, and as to each person set forth in detail the person's qualifications as an expert,
> the substance of the facts and opinions to which the person is expected to testify and
> all other requirements as set forth in Federal Rule of Civil Procedure 26.

(Def.'s Interrogatory Nos. 21-23, Ex. A.)  Defendant did not submit an argument in opposition to

Plaintiff's objections, nor did it ask this Court to order Plaintiff to respond to Interrogatory

Numbers 21 through 23.  Accordingly, this Court will not address these interrogatories here and

will allow Plaintiff's objections to these interrogatories to stand.

### C.     Errata Sheets Changing Witnesses' Testimony

Defendant refers to two errata sheets produced by Plaintiff and claim that they alter the witnesses' prior testimony.  Defendant argues that these errata sheets entitle him to re-open the depositions to explore the "developments."  Defendant has not submitted sufficient evidence, however, to permit this Court to find cause to grant Defendant's request.  Federal Rule of Civil Procedure 30(e), as interpreted by courts within the Second Circuit, permits deponents to make substantive changes to deposition testimony, even if such changes contradict the original testimony. Molfese v. Fairfaxx Corp., No. 3:05cv317 (JBA), 2006 U.S. Dist. LEXIS 15795, at *5-6 & n.5, 2006 WL 908161 (D. Conn. Apr. 4, 2006); Desulma v. City of New York, No. 98 Civ. 2078 (RMB) (RLE), 2001 U.S. Dist. LEXIS 9678, at *11-12, 2001 WL 798002, at *4 (S.D.N.Y. July 6, 2001).  The Second Circuit has also provided, however, that "when a party amends his testimony under Rule 30(e), the original answer to the deposition questions will remain part of the record and can be read at the trial. Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997) (citations & internal quotations omitted).

Defendant has submitted the witnesses' errata sheets, but did not attach deposition transcripts.  As such, it is impossible for this Court to determine whether the changes are substantive ones, and to what extent they contradict the deposition testimony. As such, Defendant has not demonstrated a need to re-open the depositions that would entitle him to an additional extension of time.

### D.     Motion for Extension of Time

Defendant asks this Court to grant him a thirty (30) day extension of time from July 31, 2006 or the date of Plaintiff's actual, complete production of documents, whichever is later, within which he may file his case dispositive motions. (<u>See</u> Reply 12.)

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion to Compel [Doc. No. 107] is **granted in part** and **denied in part**.  The following Order shall enter: Plaintiff shall produce all documents not previously produced that are responsive to Document Request Numbers 3, 4-21, 23, 25-26, 28-32, 36-39, as limited herein, and shall submit responses to Interrogatory Numbers 2 through 9 and 14 on or before August 14, 2006.  Plaintiff will be limited in the proof of its claims to the extent that there has been a disclosure of documentation and/or facts in response to the requests made.

Defendant's Motion for an Extension of the Dispositive Motion Deadline [Doc. No. 109] is **granted**.  Dispositive motions shall be filed, compliant with the Supplemental Order, on or before September 11, 2006.

Defendant's request for attorneys' fees is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, July  27 , 2006.


_____
                    /s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut