# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

VERTRUE INCORPORATED,      :
     Plaintiff,            :
                                 :

          -vs-             :       Civil No.  3:05cv1809 (PCD)
                                 :

ALEXANDER B. MESHKIN,     :
     Defendant.          :

## RULING ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant moves, pursuant to Federal Rule of Civil Procedure 26(c), for an order protecting him from further disclosure of information related to his individual personal assets and net worth, and requiring Plaintiff to return to Defendant all information produced to Plaintiff by Defendant pertaining to his individual assets and net worth.  For the reasons stated herein, Defendant's Motion for a Protective Order [Doc. No. 105] is **denied**.

## I.    BACKGROUND

The facts relevant to this action were discussed at length in this Court's Ruling on Defendant's Motion to Dismiss, see Vertrue Inc. v. Meshkin, No. 3:05cv1809 (PCD), 2006 U.S. Dist. LEXIS 24844, at *1-13 (D. Conn. Apr. 27, 2006), and accordingly, only those facts relevant to this motion will be discussed here.

The instant action is the third of five separate proceedings.[1]  Plaintiff, in this proceeding,

---

[1]    A lawsuit filed in the Chancery Court in and for New Castle County, Delaware (the "Delaware Lawsuit") was the first action.  Subsequently, on August 4, 2005, Nutzz.com initiated an arbitration proceeding pursuant to Section 13 of the Agreement between Memberworks Incorporated (Vertrue's predecessor company) and Nutzz.com.  The instant action was initiated in this Court on November 28, 2005, with the filing of a Notice of Removal pursuant to 28 U.S.C. § 1441(b).  The fourth action is a Bill of Discovery brought pursuant to Practice Book § 13-9 (Docket No. FST-CV-05-400688-S).  The fifth and final action, filed in Delaware Chancery Court, is a petition to appoint a receiver to oversee Nutzz.com and Bang Racing, Vertrue Inc. v. Nutzz.com, LLC and Bang Racing, LLC, C.A. No. 1719-N.

asserts claims against Defendant in his personal capacity.  Plaintiff asserts, *inter alia*, that

Defendant converted a $1.25 million advance (the "Advance") made by Plaintiff to Nutzz.com

pursuant to the terms of Plaintiff's Agreement with Nutzz.com (the "Agreement").  Plaintiff also

alleges that it relied upon representations by Defendant concerning his personal finances when it

made the decision to enter into the Agreement.  In order to substantiate and prove these claims,

Plaintiff has requested information from Defendant pertaining to his personal finances.

## II.    STANDARD OF REVIEW

The scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure is very

broad, "encompassing any matter that bears on, or that reasonably could lead to other matter that

could bear on, any issue that is or may be in the case."  Maresco v. Evans Chemetics, Div. of

W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v.

Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)).  "Parties may obtain

discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

party . . . Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

In the Second Circuit, "this obviously broad rule is liberally construed."  Daval Steel Products,

Div. of Francosteel Corp. v. M/V Fakredine, 951 F. 2d 1357, 1367 (2d Cir. 1991) (citing

Oppenheimer, 427 U.S. at 351); see also Lamoureux v. Genesis Pharm. Servs., 226 F.R.D. 154,

158 (D. Conn 2004).

The scope of discovery is not without bounds, however, and limitations are imposed

where the discovery is "unreasonably cumulative or duplicative," overly "burdensome . . . [or]

expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit."

2

Fed. R. Civ. P. 26(b)(2); see also Oppenheimer, 427 U.S. at 351-52 (holding that "discovery, like all matters of procedure, has ultimate and necessary boundaries") (citations omitted).  A party seeking discovery has the initial burden such that "some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Rubin v. Hirschfeld, No. 3:00cv1657, 2002 U.S. Dist. LEXIS 26798, at *3, 8 (D. Conn. Feb. 12, 2002) (citations omitted).

A court may enter a protective order pursuant to Rule 26(c) "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  When, however, the requested discovery is relevant to the action, a party seeking a protective order bears the burden of showing "good cause" for its issuance. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992); Fed. R. Civ. P. 26(c).

## III.    DISCUSSION

Defendant asserts that the deposition testimony of two Vertrue employees—i.e., James Duffy, the Executive Vice President, and Carl Peru, the Vice-President of Product Marketing during the relevant time period—raises questions about the viability of Plaintiff's claims that (1) Defendant misrepresented his personal finances as a means to induce Plaintiff to enter into the Agreement and (2) Plaintiff relied on Defendant's misrepresentations in entering into the Agreement.  Moreover, Defendant contends that an expert report demonstrates that the $1.25 million advance paid by Plaintiff to Nutzz.com went toward the payment of operating expenses and did not go to Defendant personally. (See Def.'s Br. Supp. Mot. Prot. Order 10.) Accordingly, Defendant argues that because the factual basis for Plaintiff's allegations of

misrepresentation have been "completely erode[d]," Plaintiff "can no longer establish the relevance of discovery pertaining to [Defendant's] Personal Finances" and "this Court should not continue to require [Defendant] to disclose information pertaining to his Personal Finances based upon accusations, which again have proved to be without merit." (Id. at 7, 10.)

Plaintiff's Complaint is replete with claims that (1) Defendant made misrepresentations to Plaintiff's employees, (2) Defendant made those misrepresentations in an effort to induce Plaintiff to enter into an agreement with one of his corporate entities, (3) Plaintiff would never have entered into such an agreement had it been aware of the "true state" of Defendant's personal finances, (4) Defendant's misrepresentations induced Plaintiff to pay Defendant's corporate entity an advance of $1.25 million, which Defendant converted, and (5) both Bang Racing and Nutzz.com, the companies controlled by Defendant and with which Plaintiff entered into the Agreement, are Defendant's alter-egos. (See Compl. ¶¶ 1, 6, 12, 23, 26, 27-28, 32, 44, 47, 56.) In order to substantiate those claims, Plaintiff included, in its First Requests for Production, Request Number 18, which requests:

> All documents constituting, concerning or referring to [Meshkin's] financial records, including, but not limited to, income statements, profit and loss statements, balance sheets, revenue data, expense data, cash flow reports, results from operations, budgets, forecasts, business plans, tax returns, or any other documents reflecting financial status, assets, liabilities, income, cash flow, or results from operations from January 1, 2000 to the present.

(See Pl.'s First Requests for Prod., Ex. A at 8.)  This Court, in response to motions to compel and motions seeking sanctions filed by Plaintiff, has ordered Defendant to produce documents responsive to Request Number 18 three times. (See May 10, 2006 Order at 10, Doc. No. 62; June 12, 2006 Order, Doc. No. 89; June 19, 2006 Order at 1-2, Doc. No. 93.)  Despite these three

orders, Defendant continues to refuse to produce all of his financial information and seeks a protective order concerning that information.

Defendant's personal financial information is relevant to Plaintiff's claims of fraud, misrepresentation, conversion, and alter-ego liability.  This Court has previously found that this information is relevant and discoverable,[2] and Defendant cannot avoid that finding at this time based on his self-serving assertions regarding the sufficiency of Plaintiff's evidence.  At this stage in the litigation, with discovery not yet completed,[3] Defendant's motion regarding the sufficiency of Plaintiff's evidence is premature.  Plaintiff is not obligated to prove its allegations in order to obtain discovery with regard to information relevant to those allegations; it is only required to show, as it has, that its requests are relevant to the claims at issue in this litigation. Indeed, it is only through the discovery process that Plaintiff will be able to obtain information necessary to prove its allegations.  Defendant cites no authority, and this Court can find none, in support of its assertion that Plaintiff must produce evidence in support of its claims in order to obtain further discovery.  Defendant cites Harris v. Wells, 137 F.R.D. 206, 209 (D. Conn. 1991), for the proposition that discovery requests directed at personal financial information will be limited to those accounts specifically alleged to be implicated in the cause of action. (See Def.'s Reply 7.)  Plaintiff has shown that Defendant's financial information is relevant to and "implicated in" the causes of action asserted in this case.

---

[2]   In the May 10, 2006 Order, this Court found that Defendant's personal financial information is "relevant to, or could lead to evidence relevant to, claims at issue in this litigation." (May 10, 2006 Order at 9-10.)  Accordingly, Defendant was ordered to produce documents responsive to Plaintiff's Request Number 18, supra.

[3]   Although the discovery deadline, set for June 30, 2006, has already passed, discovery is still proceeding due to the large number of discovery motions filed in this case.

5

Defendant has also failed to show "good cause" for the issuance of a protective order with respect to his personal financial information. See Dove, 963 F.2d at 19; Fed. R. Civ. P. 26(c).  As this Court has found that Defendant's personal financial information is relevant to the causes of action at issue in this lawsuit, Defendant's bald, unsupported assertions that discovery concerning his personal finances will expose him to "annoyance, oppression and undue burden" are not sufficient to demonstrate a need for the issuance of a protective order. (See Def.'s Br. Supp. Mot. Prot. Order 1, 9, 11.)

Defendant cannot avoid discovery with respect to his personal financial information by filing a summary judgment motion under the guise of a motion for a protective order.  The Court will not weigh evidence and/or assess the viability of Plaintiff's claims at this stage, but will only determine whether the information at issue is relevant to the claims in this suit.  Moreover, if Defendant is seeking reconsideration of this Court's Orders requiring Defendant to disclose his personal financial information, he has failed to show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," as is required on a motion for reconsideration. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for a Protective Order [Doc. No. 105] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, August  4 , 2006.

6

_____
/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut